UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. TREON,<br><br>               Petitioner,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS and THE DIRECTOR,<br><br>               Respondents. | No. 1:25-cv-00122-HBK<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT<br><br>THIRTY DAY DEADLINE |

On January 29, 2025, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1, "Petition"). The Petition challenges the calculation of Petitioner's current sentence. (*See generally*, *Id*.). Petitioner names the Federal Bureau of Prison and "the Director" as respondents in this action. (*See generally id*.). These are not proper respondents; therefore, Petitioner will be granted leave to name a proper respondent to avoid dismissal of the action.

Rule 4 of the Rules Governing § 2254[1] Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1

1  plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the
2  Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).
3  A petition for habeas corpus should not be dismissed without leave to amend unless it appears
4  that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440
5  F.2d 13, 14 (9th Cir. 1971).

6        A petitioner seeking habeas corpus relief must name the officer having custody of him as
7  the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v.*
8  *Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360
9  (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden
10 of the prison in which the petitioner is incarcerated because the warden has "day-to-day control
11 over" the petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also*
12 *Stanley*, 21 F.3d at 360.  However, the chief officer in charge of penal institutions is also
13 appropriate.  *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or
14 parole, the proper respondent is his probation or parole officer and the official in charge of the
15 parole or probation agency or correctional agency.  *Id*.

16       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
17 for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326,
18 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd
19 Cir. 1976).  The Court will afford Petitioner an opportunity to cure this defect by amending the
20 petition to name the proper respondent, such as the warden of his facility.  *See West v. Louisiana*,
21 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.
22 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v.*
23 *State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy,
24 Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled
25 "Motion to Amend Petition to Name Proper Respondent" in which Petitioner identifies the name
26 of the proper respondent he seeks to substitute in this action.

27       Accordingly, it is **ORDERED**:

28       1.  Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in

which to file a motion to amend the instant petition and name a proper respondent. Failure to timely comply with this Order will result in a recommendation that the petition be dismissed without further notice.

2. If he has not already done so, Petitioner shall return the Consent/Decline to Magistrate Judge Jurisdiction form (Doc. No. 4-1) attached to the Court's Standing Order that issued on January 29, 2025 along with his motion to amend.

Dated:     February 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE