1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| RAYMOND A. TREON, | Case No.  1:25-cv-00122-HBK (HC)[1] |
| Petitioner, | ORDER FINDING RESPONDENT'S MOTION TO DISMISS MOOT |
| v. | |
| | (Doc. No. 10) |
| FEDERAL BUREAU OF PRISONS., | |
| Respondent. | ORDER GRANTING LEAVE TO FILE A SECOND AMENDED PETITION |
| | (Doc. No. 15) |
| | JUNE 23, 2025 DEADLINE |

21

On January 29, 2025, Petitioner Raymond A. Treon, a federal prisoner proceeding pro se,

22

initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc.

23

No. 1).  Because the petition failed to name a proper respondent, the Court granted Petitioner

24

leave to file an amended petition, which he did on March 17, 2025.  (Doc. Nos. 5, 7).  The Court

25

screened the amended petition and ordered Respondent to file a response.  (Doc. No. 8).

26

Separately, Petitioner initiated a habeas action in the Eastern District of Missouri on February 3,

27
28

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 13).

1    2025, and the case was subsequently transferred to the Eastern District of California in Case No.

2    1:25-cv-00279-HBK.

3    On May 6, 2025, Respondent filed a motion to dismiss without prejudice, requesting

4    relation of Petitioner's habeas cases[2] "before the same jurist in a single denoted matter," and the

5    scheduling order be vacated. (Doc. No. 10 at 2-3). Respondent indicated the Court could allow

6    Petitioner to file an amended petition in one matter raising all grounds. (*Id.*). The Court

7    previously granted the motion to the extent it sought relation of the cases and reassigned Case No.

8    1:25-cv-00279-HBK to the undersigned. (Doc. No. 14). In accordance with *Woods v. Carey*, 525

9    F.3d 886, 889-90 (9th Cir. 2008), the Court construed the later-filed petition in Case No. 1:25-cv-

10    00279-HBK as a motion to amend the Petition filed in this case and ordered the later-filed matter

11    closed. (*See* Case No. 1:25-cv-00279-HBK (Doc. No. 13)).

12    Because Petitioner has previously amended his petition, he can do so now "only with the

13    opposing party's written consent or the court's leave. The court should freely give leave when

14    justice so requires."[3] Here, Respondent implicitly consented to the amendment in its motion to

15    dismiss. (*See* Doc. No. 10 at 2-3).[4] Further, allowing Petitioner to bring all his claims in a single

16    petition will serve the interests of justice and judicial economy. Thus, finding no objection from

17    Respondent the Court will allow Petitioner to file a second amended petition in the instant case

18    raising all grounds for relief.

19    Petitioner is advised that the second amended petition will supersede the previous

20    petitions and become the operative pleading. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1

21    (9th Cir. 2012). It must be complete without reference to the prior petitions or any superseded

---

[2] The motion also requested relation of a third habeas case, Case No. 1:25-cv-00280, arising from a petition identical to the original petition in this case. (Doc. No. 10). An order to show cause why the petition in Case No. 1:25-cv-00280-HBK should not be dismissed as duplicative of the instant Petition is pending.

[3] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, which may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion, the Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent such rules are not inconsistent with the statutory provisions or the Habeas Rules. *See* Habeas Rule 1(b); Fed. R. Civ. P. 81(a)(4).

[4] Given that the Court previously granted Defendant's Motion to the extent it related the cases, and vacated the scheduling order (Doc. No. 14) and now construes the Motion as containing Respondent's implied consent for Petitioner to amend the instant Petition, the Motion is Moot.

pleadings and must include all grounds for relief and supporting facts.  *See also* Local Rule 220.
The Court does not accept piecemeal pleadings.

    Accordingly, it is **ORDERED**:

1.  Petitioner's construed unopposed motion to amend (Doc. No. 15) is GRANTED.

2.  Petitioner shall deliver his free-standing Second Amended Petition to correctional officials for mailing **no later than Monday, June 23, 2025**.

3.  The Clerk of Court shall provide the following to Petition with this Order for his use in preparing his free-standing Second Amended Petition:  (i) a blank habeas corpus § 2241 form; (ii) a copy of his First Amended Petition (Doc. No. 7); and (iii) a copy of his petition originally filed in Case No. 1:25-cv-00279-HBK that was construed a motion to amend in this case (Doc. No. 15).

4.   Respondent's Motion to Dismiss (Doc. No. 10) is MOOT.

Dated:    May 9, 2025  

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE