UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. TREON, | Case No. 1:25-cv-00122-HBK (HC)[1] |
| Petitioner, | ORDER REQUIRING RESPONSE TO FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| FEDERAL BUREAU OF PRISONS., | |
| Respondent. | |

On March 17, 2025, Petitioner Raymond A. Treon, a federal prisoner proceeding pro se, filed his first amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 7). The Court screened the amended petition and ordered Respondent to file a response. (Doc. No. 8). However, before the deadline to respond, the Court vacated the briefing schedule to address the impact of Petitioner's two later-filed petitions. (Doc. No. 14). Subsequently, the Court construed Petitioner's later-filed petition as a motion to amend; granted Petitioner leave to file a second amended petition; and ordered Petitioner to deliver his second amended petition to correctional officials for mailing no later than June 23, 2025. (Doc. No. 16). To date, the Court has not received a second amended petition and the time to do so has expired.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 13).

Because Petitioner failed to file a second amended petition within the time allowed by the Court, the Court deems the first amended petition the operative pleading. The Court has already determined a response to the first amended petition is warranted. (*See* Doc. No. 8).

Accordingly, it is **ORDERED:**

1. Petitioner's first amended petition (Doc. No. 7) is deemed the operative pleading.

2. No later than **thirty (30) days** from the date of entry of this Order, Respondent is **DIRECTED** to respond to each ground and argument raised in the first amended petition and show cause why the petition should not be granted. A response may be one of the following:

    (A) An answer addressing the merits of the petition. This response, which may not exceed fifty (50) pages in length without the court's leave,

    i. must set forth the facts and procedural history of the case and address each ground, allegation, and argument raised in the petition. **Conclusory statements and summary arguments that petitioner is not entitled to relief are not acceptable responses.**

    ii. the Court recognizes that counsel on behalf of the government and/or Institution may wish to respond on separate issues raised in the petition. However, the Court will accept only one "Answer." Such Answer must contain all argument with respect to all issues raised in the petition, whether formulated by counsel for the government or the institution.

    (B) A motion to dismiss the petition. This limited response must include only portions of the record necessary for the court to decide the bar to a merits review.

3. Respondent is **DIRECTED** to electronically file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).

    (A) The record must include – as separate exhibits – all relevant transcripts or other documents relevant to the resolution of the issues presented in the petition, including, but not limited to,

i. copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.

ii. any relevant briefing submitted by petitioner or prosecution in trial and appellate courts; and

iii. any relevant opinions and dispositive orders of the trial and appellate courts.

(B) The record must include an electronically bookmarked index with sufficiently detailed bookmarks that identify the title of each exhibit and the page location within the record as filed in CM/ECF. **Failure to do so may result in the court directing Respondent to refile the relevant documents**.

4. If Respondent files an answer to the petition, Petitioner may file a reply within **thirty (30) days** of the date of service of Respondent's answer. The reply must not exceed twenty (20) pages without the court's leave. If no reply is filed within thirty (30) days, the petition and answer are deemed submitted. The Court will not address new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5. If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **twenty-one (21) days** of the date of service of Respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

6. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

7. Extensions of time will be granted only upon a showing of good cause.

Dated: July 7, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3