1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND A. TREON,                        Case No.  1:25-cv-00122-HBK (HC)[1]

12                  Petitioner,               ORDER GRANTING RESPONDENT'S
                                              MOTION TO VACATE AND RESET
13        v.                                  BRIEFING SCHEDULE AS TO
                                              PETITIONER'S SECOND AMENDED
14   FEDERAL BUREAU OF PRISONS.,              PETITION FOR WRIT OF HABEAS CORPUS

15                  Respondent.

16

17

18        On March 17, 2025, Petitioner Raymond A. Treon, a federal prisoner proceeding pro se,

19   filed his first amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 7).

20   The Court screened the amended petition and ordered Respondent to file a response.  (Doc. No.

21   8).  However, before the deadline to respond, the Court vacated the briefing schedule to address

22   the impact of Petitioner's two later-filed petitions.  (Doc. No. 14).  Subsequently, the Court

23   construed Petitioner's later-filed petition as a motion to amend; granted Petitioner leave to file a

24   second amended petition; and ordered Petitioner to deliver his second amended petition to

25   correctional officials for mailing no later than June 23, 2025.  (Doc. No. 16).  Petitioner failed to

26   file a second amended petition by the deadline and, on July 7, 2025, the Court deemed the first

27   _____

28   [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
     §636(c)(1).  (Doc. No. 13).

                                              1

1  amended petition the controlling petition and ordered Respondent to file a response.  (Doc. No.
2  17).
3     On August 26, 2025, two days before Respondent's deadline to file a response, a letter
4  from a third party was docketed, indicating that Petitioner was "not receiving all his legal mail"
5  and had "previously submitted documents in connection with his habeas corpus petition, but
6  according to the docket those materials were not received."  (Doc. No. 20).  A copy of
7  Petitioner's second amended petition was included with the letter and docketed separately the
8  same day.  (Doc. No. 21).  The second amended petition is dated June 10, 2025.  (*Id.* at 5).
9     On August 28, 2025, Respondent moved to vacate the existing briefing schedule and reset
10  a briefing schedule for the second amended petition.  (Doc. No. 22).
11     While the second amended petition was filed outside the deadline previously set by the
12  Court, the Court finds a further extension warranted.  Accordingly, the Court deems the second
13  amended petition the operative pleading.  Further, having conducted a preliminary review of the
14  second amended petition, it is not clear from the face of the petition whether Petitioner is entitled
15  to relief.
16     Accordingly, it is **ORDERED:**
17   1.  Respondent's motion to vacate the previous briefing schedule (Doc. No.22) is
18     GRANTED.
19   2.  Petitioner's second amended petition (Doc. No. 21) is deemed the operative pleading.
20   3.  No later than **thirty (30) days** from the date of entry of this Order, Respondent is
21     **DIRECTED** to respond to each ground and argument raised in the second amended
22     petition and show cause why the petition should not be granted.  A response may be one
23     of the following:
24      (A) An answer addressing the merits of the petition.  This response, which may not
25       exceed fifty (50) pages in length without the court's leave,
26        i.  must set forth the facts and procedural history of the case and address each
27         ground, allegation, and argument raised in the petition.  **Conclusory**
28         **statements and summary arguments that petitioner is not entitled to**

1    **relief are not acceptable responses.**

2    ii. the Court recognizes that counsel on behalf of the government and/or

3    Institution may wish to respond on separate issues raised in the petition.

4    However, the Court will accept only one "Answer." Such Answer must

5    contain all argument with respect to all issues raised in the petition,

6    whether formulated by counsel for the government or the institution.

7    (B) A motion to dismiss the petition. This limited response must include only portions

8    of the record necessary for the court to decide the bar to a merits review.

9    4. Respondent is **DIRECTED** to electronically file all transcripts and other

10    documents necessary for resolving the issues presented in the petition. *See* R.

11    Governing Section 2254 Cases 5(c).

12    (A) The record must include – as separate exhibits – all relevant

13    transcripts or other documents relevant to the resolution of the issues

14    presented in the petition, including, but not limited to,

15    i. copies of appeals taken by a prisoner within the prison and

16    before the Bureau of Prisons.

17    ii. any relevant briefing submitted by petitioner or prosecution in

18    trial and appellate courts; and

19    iii. any relevant opinions and dispositive orders of the trial and

20    appellate courts.

21    (B) The record must include an electronically bookmarked index with

22    sufficiently detailed bookmarks that identify the title of each exhibit

23    and the page location within the record as filed in CM/ECF. **Failure**

24    **to do so may result in the court directing Respondent to refile the**

25    **relevant documents**.

26    5. If Respondent files an answer to the petition, Petitioner may file a reply within

27    **thirty (30) days** of the date of service of Respondent's answer. The reply

28    must not exceed twenty (20) pages without the court's leave. If no reply is

3

filed within thirty (30) days, the petition and answer are deemed submitted. The Court will not address new grounds raised in the reply.  *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

6.  If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **twenty-one (21) days** of the date of service of Respondent's motion.  Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

7.  All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

8.  Extensions of time will be granted only upon a showing of good cause.


Dated:    August 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE