UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. TREON, | Case No.  1:25-cv-00122-HBK (HC) |
| Plaintiff, | OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1] |
| v. | (Doc. 33) |
| WARDEN, FCI-MENDOTA, | |
| Respondent. | |

Petitioner Raymond A. Treon ("Petitioner"), a federal prisoner, is proceeding pro se on his second amended petition for writ of habeas corpus under 28 U.S.C. § 2241 filed while he was incarcerated in FCI Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court.  (Doc. 21, "Petition").  Petitioner was convicted on one charge of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 21 U.S.C. § 846, for which he was sentenced to a 77-month term of imprisonment on September 30, 2021, by the United States District Court for the Eastern District of Missouri (Criminal Action 4:20-cr-00320- SCR(1)).  (Doc. 33-1 at 12-14).[2]  The Petition raises two

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 13).

[2] All document and page numbers are to the respective pleadings' document number and page number as reflected on the Court's Case Management and Electronic Filing System (CM/ECF).

grounds for relief: (1) the Bureau of Prisons (BOP) incorrectly calculated Petitioner's sentence by failing to run his federal sentence concurrent with his Missouri state sentences; and (2) the BOP failed to apply his earned federal time credits ("FTCs") under the First Step Act.  (Doc. 21 at 2-3).

In response to the Petition, Respondent filed a Motion to Dismiss with an Appendix on January 5, 2026.  (Docs. 33,  33-1).  Respondent seeks dismissal of the Petition on the basis that Petitioner did not properly and fully exhaust his administrative remedies as to either ground. (Doc. 33 at 4-6).  In the alternative, Respondent argues the Petition fails on the merits because (1) BOP properly calculated Petitioner's sentence;  and (2) BOP's custody classification process does not create a liberty interest, and "[a]lthough [Petitioner] can and has earned FTCs, because of his high recidivism risk score, he is not presently eligible to apply any credits to his sentence." (*Id.* at 6-9).

As of the date of this Opinion and Order, Petitioner has neither filed a response to the Motion nor requested an extension of time to respond, and the time for doing so has expired. (*See* Doc. 23 at ¶ 6, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss).  For the reasons set forth more fully herein, the Court grants Respondent's Motion.

## I.  BACKGROUND

Jackson County Case Nos. 1416-CR02529-01 and 1616-CR02108-01

On October 5, 2019, Petitioner was arrested by Jackson County, Missouri Sheriff's Department for probation violations in case numbers 1416-CR02529-01 and 1616-CR02108-01. (Doc. 33-1 at 16, Farmer Decl. ¶ 4, Attach. 3).  On November 19, 2019, while Petitioner was in state custody in Jackson County, the Circuit Court of Jackson County, Missouri, revoked Petitioner's probation and ordered him to serve a 7-year term of imprisonment with "credit for all jail time served in this case."  (Doc. 33-1 at 18-19, 21-22, Farmer Decl. ¶ 5, Attach. 4, 5); *See State v. Treon*, No. 1416-CR02529-01 (Mo. Cir. Ct. Jackson Cnty. Nov. 19, 2019); *State v. Treon*, No. 1616-CR02108-01 (Mo. Cir. Ct. Jackson Cnty. Nov. 19, 2019).  Petitioner was remanded to the custody of the Jackson County Sheriff for transport to the Missouri Department of Corrections.  (Doc. 33-1 at 22, Farmer Decl. ¶ 6, Attach. 5, 6).

2

Cooper County Case No. 19CO-CR00815-01

On June 22, 2020, while in custody of the Missouri Department of Corrections, Petitioner pled guilty to Tampering with a Motor Vehicle and was sentenced by the Circuit Court of Cooper County, Missouri, to a concurrent 4-year term of imprisonment in case number 19CO-CR00815-01. *See State v. Treon*, No. 19CO-CR00815-01 (Mo. Cir. Ct. Cooper Cnty. June 22, 2020); (Doc. 33-1 at 30-31, Farmer Decl. ¶ 7, Attach. 7). Petitioner received credit for 261 days (October 5, 2019, through June 22, 2020) toward his 4-year Cooper County sentence. (Doc. No. 33-1 at 25, Farmer Decl. ¶ 7, Attach. 1, 7).

U.S. Eastern District, Missouri, Case No. 4:20-CR-00320-SRC(1)

On February 26, 2021, while Petitioner was confined and in the custody of the Missouri Department of Corrections, the U.S. Marshals Service removed Petitioner pursuant to a Writ of Habeas Corpus Ad Prosequendum ("WHCAP") in Case Number 4:20-CR-00320-SRC(1). (Doc. No. 33-1 T 33-34, 36-38, Farmer Decl. ¶ 8, Attach. 8). On September 30,[3] 2021, while in custody pursuant to the WHCAP, the United States District Court for the Eastern District of Missouri sentenced Petitioner to a 77-month term of imprisonment for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 21 U.S.C. § 846. *See United States v. Treon*, case no. 4:20-cr-00320-SRC-1, Crim. Docs. 1, 2, 6, 40-41 (E.D. Mo.).[4] (Doc. 33-1 at 57-59). The federal court ordered Petitioner's sentence to run concurrent with the sentences in Jackson County cases 1416-CR02529-01 and 1616-CR02108-01, but consecutively to any sentence that may be imposed in Jackson County Case No. 2016-CR00568 and Wyandotte County Case No. 20CR0479.[5] (Crim. Doc. 41). The federal judgment remained silent regarding the Cooper County sentence in Case No. 19CO-CR00815-01. (*See* Crim. Doc. 41).

On October 14, 2021, Petitioner was returned to the custody of the Missouri Department

[3] Incorrectly identified as September 20, 2021 in the Motion to Dismiss. (Doc. 33 at 2:21).
[4] The undersigned cites to the record in Petitioner's underlying EDMO criminal cases as "Crim. Doc. _."
[5] While not relevant to Petitioner's argument, Petitioner was sentenced to one year of incarceration in Case No. 2016-CR00568 (*State v. Treon*, No. 2016-CR00568 (Mo. Cir. Ct. Kan. Cty. Apr. 4, 2022)), and Case No. 20CR0479 was dismissed on July 21, 2023 (*State of Kansas vs. Raymond A Treon*, No. 2020-CR-000479 (Kan. Dist. Ct. Wyandotte Cnty. July 21, 2023)).

3

of Corrections with the federal judgment lodged as a detainer. (Doc. 33-1 at 37, Farmer Decl. ¶ 10, Attach. 7).  On October 29, 2021, after completion of his Missouri state sentences, Petitioner was released to exclusive custody of federal officials.  (Doc. 31-1 at 67, Farmer Decl. ¶ 11, Attach. 7, 11).

Having completed his state sentence, Petitioner's 77-month federal sentence imposed by the Eastern District of Missouri commenced on October 29, 2021.  (Doc. 33-1, Farmer Decl. ¶ 12, Attach. 1).  Petitioner received 62 days of prior time credit (61 days from April 28, 2019 through June 27, 2019, and 1 day from August 26, 2019 through August 26, 2019).  (Doc. 33-1 at 82).

Because the federal judgment was silent regarding Cooper County Case No. 19CO-CR00815-01, the Bureau of Prison's sent a letter to the federal sentencing court on March 26, 2025 requesting clarification as to the Cooper County sentence.  (Doc. 33-1 at 69-70; Farmer Decl. ¶ 14, Attach. 12, Crim. Doc. 48).  On May 13, 2025, the federal sentencing judge responded and clarified that Petitioner's sentence should "run consecutively to his sentence in Cooper County . . . . I believe that a concurrent sentence is not appropriate and, had the issue been before me at the time of sentencing, I would have ordered the sentences to run consecutively." (Doc. 33-1 at 72, Farmer Decl. ¶ 18, Attach. 13, Crim. Doc. 49).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

////

////

4

**A. Failure to Exhaust Administrative Remedies**

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). However, the requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Because exhaustion is not required by statute, it is not jurisdictional. *Id.* (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). If petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. *See Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile"). However, the Court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

*////*

BOP's Administrative Remedy process is "well-established." *United States v. Wilson*, 503 U.S. 329, 336 (1992). The BOP makes available a formal three-level Administrative Remedy Program if the informal attempt (BP 8) fails: (1) a Request for Administrative Remedy (BP-9) filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal (BP-10) filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal (BP-11) filed with the Office of General Counsel. *See* 28 C.F.R. § 542.10 et seq.

Petitioner states he completed all three levels of appeal for his claims in the Petition. (Doc. 21 at 2). Respondent disputes this contention. Respondent maintains that, although Petitioner submitted three administrative requests, he failed to properly exhaust his sentence calculation claim through all three steps and failed to submit any administrative request regarding his FTC claim under the First Step Act. (Doc. 33 at 5). In support, Respondent submits the Declaration of Chis Liwag and copies of Petitioner's Administrative Generalized Retrieval Report as reflected in the SENTRY report. (Doc. 33-1 at 74-93) As to the three administrative remedies Petitioner filed, none of them address Petitioner's second ground, his FTC claim. The Court's review of the legible portions of Petitioner's exhibits confirms this omission; the attached filings appear to focus on his sentence running concurrently but fail to raise the issue of FTCs under the FSA. (*See* Doc. 21 at 14-34). Consequently, the record reflects Petitioner did not exhaust his administrative remedies for his second ground for relief.

Regarding Petitioner's first ground concerning his sentence calculation, the record reflects Petitioner's BP-9 was denied and closed with explanation on May 11, 2023. (Doc. 33-1 at ). However, Petitioner's BP-11 appeals submitted on September 14, 2023 and October 2, 2023, were rejected by BOP's Western District Office and BOP's Central Office on September 21, 2023 and November 11, 2023, respectively. (Doc. 33-1 at 92-93). Although the basis of the rejection for the BP-11 is not reflected in the SENTRY report, Petitioner does not suggest that BOP wrongly rejected his BP-11s. Rejections on procedural grounds are not the same as denials on the merits; only denials on the merits are sufficient to exhaust administrative remedies. *See* 28 C.F.R. § 542.17(a).

Thus, because neither ground is exhausted, the Petition is subject to dismissal. Nevertheless, because Respondent addressed both grounds on the merits, the Court will consider the merits in the alternative.

**B. The Petition if Proper Under Section 2241**

A federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, but a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. *See, e.g., Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center); *Barden v. Keohane*, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing BOP erred in determining whether petitioner could receive credit for time spent in state custody); *United States v. Brown*, 610 F.2d 672, 677 (9th Cir. 1980) (challenging content of inaccurate pre-sentence report used to deny parole).

Petitioner argues BOP improperly computed his sentence by failing to give him credit for his state sentence and by failing to give him FTC which he earned. Both grounds affect the length of Petitioner's sentence. (*See* Doc. 21 at 2-3). Thus, the grounds are proper under 28 U.S.C. § 2241 as they challenge the execution of Petitioner's sentence rather than the sentence's imposition. *See, e.g., Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) (upholding BOP's computation of good time credits and expected release date).

////

////

7

**1. Ground One: BOP Properly Calculated Petitioner's Federal Sentence**

Under 18 U.S.C. § 3585, the Attorney General, through the BOP, is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992). "After a defendant is sentenced, the BOP is responsible for determining (i) the date the federal sentence 'commences'; (ii) whether the defendant should receive credit for time spent in custody before the sentence 'commenced'; and (iii) whether the defendant should be awarded credit for 'good time.'" *Tompkins v. Graber*, 2015 WL 1536289, at *5 (D. Ariz. Apr. 6, 2015) (citing 18 U.S.C. § 3585(a) and (b); *Wilson*, 503 U.S. at 331-32 (BOP determines credit issues, not district courts)). Pursuant to 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody" at the "official detention facility at which the sentence is to be served." *See* 18 U.S.C. § 3585(a). Thus, "a federal sentence cannot commence until a prisoner is sentenced in federal district court." *Schleining*, 642 F.3d at 1244; *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")(citation omitted); BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed").

"It is well-established that if a sovereign takes a defendant into its custody before another sovereign has done so, then the arresting sovereign establishes its primary jurisdiction and may give effect to its sentence before other sovereigns may do so." *Johnson v. Gill*, 883 F.3d 756, 764-65 (9th Cir. 2018); *see also Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991) ("As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration."). Here, the state of Missouri was the first sovereign to take custody of Petitioner. Regardless of the temporary removal from state custody by the United States Marshals Service pursuant to the WHCAP, Missouri retained primary jurisdiction and custody of Petitioner. The federal judgment entered on September 30, 2021, was filed as a detainer until Petitioner completed his Missouri state sentences on October 29, 2021, when he was released to the exclusive custody of federal authorities. (*Id*. at 4); *see Johnson*, 883 F.3d at 765 ("A sovereign's priority terminates when the sentence expires, charges are dismissed, or the

prisoner is allowed to go free."); *Schleining*, 642 F.3d at 1244 ("a federal sentence cannot commence until a prisoner is sentenced in federal district court.").

Petitioner argues the BOP failed to execute his sentence in accordance with the federal judgment issued September 30, 2021 by not "honoring the Courts [sic] order that my federal sentence run concurrent with my Missouri state sentence," and this "error causes [him] to serve more time than the judge intended, which is unlawful." (Doc. 21 at 2-3 (citing the federal judgment stating his federal sentence "shall run concurrent" with the sentences "defendant is currently serving for the Circuit Court, Jackson County, Missouri in Nos. 1416-CRO2529-01 and 1616-CR01208-01)). This argument is inapposite for several reasons. First, "[a] sentence can run concurrent with an *unexpired* portion of a previously imposed sentence, but it cannot run concurrent with that part of a previously imposed sentence that has already run. A sentence starts when the defendant is taken into custody to serve that sentence, and not before." *Sadler v. Baltazar*, 2019 WL 4419014, at *2 (D. Ar. Aug. 23, 2019); *Trine v. Salazar*, 770 F. App'x 874 (9th Cir. 2019) (federal sentence to be served concurrently with his previously imposed state sentence began on date of federal sentencing, and "cannot be backdated prior to its commencement"). Thus, Petitioner is not entitled to credit for any time he served in state custody before he was sentenced on September 30, 2021. *See Schleining*, 642 F.3d at 1244.

Further, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences---that has not been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added). Here, in his Cooper County Case 19CO-CR00815-01, Petitioner was credited with 261 days for time served in his Jackson County cases, Case Number 1416-CR0252 9-01 and Case Number 1616-CR02108-01. See *Schleining*, 642 F.3d at 1245 n.2 (noting Petitioner's term in state custody before the imposition of his federal sentence was credited against his state sentence, "[t]herefore, the BOP would not have been able to credit that time against [petitioner's] federal sentence."). Thus, Petitioner cannot receive duplicative credit for this time.

Moreover, BOP confirmed that the federal sentencing court did not run Petitioner's federal sentence concurrent with the Petitioner's Cooper County sentence. *See* 18 U.S.C. §

3584(a) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *see also Aragon v. Ricolcol*, 2025 WL 602177, at *3 (C.D. Cal. Jan. 23, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 833073 (C.D. Cal. Mar. 12, 2025), *aff'd*, 2025 WL 2985903 (9th Cir. Oct. 17, 2025); *United States v. Wills*, 881 F.2d 823, 826 n.2 (9th Cir. 1989) ("[S]ection 3584 operates as a rule of construction that, when the judge is silent . . . if the several sentences are imposed at different times, the sentences are construed as consecutive sentences. But the judge could, by expressing otherwise, change that result."). Thus, Petitioner is not entitled to any time he served in his Cooper County case since the sentence was to run consecutive and not concurrent with the federal sentence.

Based on the foregoing, Petitioner has not shown that the BOP committed legal errors in the calculation of his federal sentence. Thus, in the alternative, the Court denies ground one on the merits.

**2. Ground Two: BOP Properly Applied Law in Denying Petitioner FTCs**

The First Step Act (FSA), enacted on December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). One such reform under the FSA entailed the implementation of Federal Time Credits (FTCs). 18 U.S.C. § 3632(d)(4)(A). Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." *Id*. These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release." *Id.*

The FSA also authorized the BOP to use a risk and needs assessment system, "PATTERN," to designate a prisoner with a minimum, low, medium, or high-risk score. *United States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022). Inmates who maintain a minimum or low-risk score over two consecutive assessments earn an additional five

days of time credits for every 30 days of successful participation in evidence-based recidivism reduction (EBBR) programming or productive activities (PA). 18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas."). However, inmates with medium or high risk scores are statutorily ineligible to apply FSA time credits toward early release. *See Johnston v. Colbert*, No. 24-850, 2024 WL 4903725, at *1 (9th Cir. Nov. 27, 2024) (affirming that inmates with a medium or high risk assessment are statutorily ineligible under the FSA).

A district court has jurisdiction to review claims alleging that BOP undertook action that is contrary to established federal law, violates the U.S. Constitution, or exceeds its statutory authority vested in the agency by Congress. *Moon v. Thomas*, 787 F. Supp. 2d 1154, 1160 (D. Or. Apr. 1, 2011); *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011) (finding that while judicial review is available for BOP actions contrary to federal law or in violation of the Constitution, or claims the BOP exceeds statutory authority, federal courts lack jurisdiction to review BOP's individualized discretionary determinations made pursuant to 18 U.S.C. § 3632).

Here, Petitioner fails to demonstrate how Respondent violated the statute by failing to apply earned FTCs. Respondent attaches Petitioner's FSA Recidivism Risk Assessment report. (Doc. 33-1 at 88, Liwag Decl. ¶ 10). Petitioner is categorized as ineligible to apply FTCs toward his sentence. (Doc. 33-1 at 81, Liwag Decl. ¶ 9). This is because Petitioner's recidivism risk level has been "high" or "medium" since March 2, 2022. (Doc. 33-1 at 85, Liwag Decl. ¶ 10). Petitioner does not dispute his risk assessment as "medium" or "high" during the time he earned FTCs. As Respondent correctly notes, because the BOP determined Petitioner to have either a "medium" or "high" recidivism risk level, he is statutorily ineligible for the application of earned time credits at this time. *See Sanchez v. Hudson*, 2025 WL 1225299, at 7 (D. Ariz. Jan. 24, 2025) (finding that an inmate with a recidivism risk of "medium" was ineligible to apply FSA time credits). Thus, Petitioner's FTC claim fails on the merits.

////

////

11

Accordingly, it is **ORDERED**:

1. Respondent's Motion (Doc. 33) is GRANTED.

2. Grounds one and two of the Petition are dismissed as unexhausted and in the alternative are denied on the merits.

3. The Clerk of Court is directed to terminate any pending motions and close this case.


Dated:    February 18, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

12